TMLF HAWAII, LLLC
PETER T. STONE #2788
DEREK W.C. WONG #4155
1001 Bishop Street, Suite 1000
Honolulu, Hawaii 96813
Telephone: (808) 489-9741
Facsimile: (808) 489-9835
TMLF File No. 137213

Attorneys for Movant,
NATIONSTAR MORTGAGE LLC, D/B/A MR. COOPER, its successors and assigns,

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>SAMER T MAKAREWICZ,<br><br>Debtor. | Case No. 17-01352<br>Chapter 7<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; EXHIBITS "A" THROUGH "E"<br><br>Date:    February 20, 2018<br>Time:   9:30 a.m.<br>Judge:  HON. ROBERT J. FARIS<br><br>Property Address:<br>77-6525 NANILOA DR, KAILUA,<br>KAILUA KONA, HAWAII 96740-2425 |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

NATIONSTAR MORTGAGE LLC, D/B/A MR. COOPER ("NATIONSTAR") its successors and assigns ("Movant") hereby moves this Court for an order pursuant to 11 U.S.C. § 362(d)(1) and/or § 362(d)(2) terminating the automatic stay as to the Debtor and the bankruptcy estate allowing Movant to proceed with and complete any and all contractual and/or statutory foreclosure remedies incident to its security interest held in the real property commonly described as 77-6525 NANILOA DR, KAILUA, KAILUA KONA, HAWAII 96740-2425 ("Property").

1

Movant further moves that, absent objection, the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of Movant's secured position. The facts and circumstances supporting this Motion are set forth in the Declaration in Support of Motion for Relief from the Automatic Stay filed contemporaneously herewith.

In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant directly or through an agent, has possession of the promissory note. Movant will enforce the promissory note as transferee in possession. Movant is the original mortgagee, or beneficiary, or the assignee of the Mortgage.

**I.      STAEMENT OF FACTS AND PROCEDURAL BACKGROUND**

1. On December 30, 2017, SAMER T MAKAREWICZ ("Debtor"), filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. As a result of the filing, certain acts and proceedings against Debtor and the bankruptcy estate are stayed as provided in 11 U.S.C. § 362(a).

2. On or about May 16, 2008, BRUCE E. MAKAREWICZ and SAMER THUADKLANG MAKAREWICZ (Collectively the "Borrowers") executed and delivered or are otherwise obligated with respect to that certain promissory note in the original principal amount of $585,000.00 (the "Note"). A true and correct copy of the Note is attached hereto and filed concurrently herewith as Exhibit "A".

3. Pursuant to that certain Mortgage recorded May 29, 2008 (the "Mortgage"), all obligations under and with respect to the Note and Mortgage (collectively, the "Obligations") of the Borrowers are secured by the real property located at 77-6525 NANILOA DR, KAILUA KONA, HAWAII 96740-2425 ("Property") and other collateral described in the Mortgage. A true and correct copy of the Mortgage is attached hereto and filed concurrently herewith as Exhibit "B".

2

4. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to that certain assignment of mortgage (the "Assignment"). A true and correct copy of the Assignment is attached hereto and filed concurrently herewith as Exhibit "C".

## II. **DEFAULT**

5. A default exists under the Note for failure to make payments.

6. NATIONSTAR's records reflect that the Note is contractually due for March 1, 2013, monthly installment payment.

7. As of January 4, 2018, the Borrowers have failed to make installment payments with respect to the Note, and the arrearage is as follows:

| No. of Payments | Principle & Interest | Escrow | Total Payment | Payment Dates | Total Due |
|---|---|---|---|---|---|
| 8 | $1,698.77 | $259.59 | $1,958.36 | 03/01/2013 – 10/01/2013 | $15,666.88 |
| 16 | $1,698.77 | $310.72 | $2,009.49 | 11/01/2013 – 02/01/2015 | $32,151.84 |
| 1 | $1,973.58 | $310.72 | $2,284.30 | 03/01/2015 – 03/01/2015 | $2,284.30 |
| 11 | $1,973.58 | $214.45 | $2,188.03 | 04/01/2015 – 02/01/2016 | $24,068.33 |
| 5 | $2,263.65 | $214.45 | $2,478.10 | 03/01/2016 – 07/01/2016 | $12,390.50 |
| 3 | $2,263.65 | $221.36 | $2,485.01 | 08/01/2016 – 10/01/2016 | $7,455.03 |
| 4 | $2,263.65 | $710.14 | $2,973.79 | 11/01/2016 – 02/01/2017 | $11,895.16 |
| 8 | $2,527.78 | $710.14 | $3,237.92 | 03/01/2017 – 10/01/2017 | $25,903.36 |
| 3 | $2,527.78 | $562.44 | $3,090.22 | 11/01/2017 – 01/01/2018 | $9,270.66 |
| Less Suspense: | | | | | ($0.00) |
| Total Due as of January 4, 2018: | | | | | $141,086.06 |

8. An additional payment has come due on February 1, 2018, and will come due on the 1st day of each month until the Note is paid in full.

9. As of January 4, 2018, the amount of Movant's outstanding debt with respect to the Loan is as follows (estimate only and not to be relied upon for loan payoff):

| Unpaid Principal Balance: | $528,232.41 |
| Unpaid, Accrued Interest: | $81,922.56 |
| Escrow Advance: | $16,176.21 |
| Corporate Advance: | $374,609.20 |
| Minimum Outstanding Obligations: | $700,940.38 |

10. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

11. The estimated market value of the Property is $585,000.00. The basis for the valuation is the Debtor's Schedules A and D. A true and correct copy of the Debtor's Schedules A and D are attached hereto and filed concurrently herewith as Exhibit "D".

12. Upon information and belief, the aggregate amount of the encumbrances on the Property listed in the Schedules or otherwise known, including, but not limited to, the encumbrance granted to Movant is approximately $700,940.38.

### III. ARGUMENT

**A. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d)(1)**

11 U.S.C. § 362(d)(1) provides in relevant part:
> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
> (1) For cause, including the lack of adequate protection of an interest in property of such party in interest…

4

Cause includes a debtor's lack of equity in a property, a debtor's failure to make mortgage payments and lack of adequate protection of a creditor's interest in the property. *See, e.g., W. Equities Inc. v. Harlan (In re Harlan)*, 783 F.2d 839, 841 (9th Cir. 1986); *In re Ellis*, 60 B.R. 432,435 (9th Cir. BAP 1985).

Adequate protection is lacking in cases where there is an insufficient equity cushion in the subject property. *In re Mellor*, 734 F.2d 1396, 1401 (9th Cir. 1984). An equity cushion is the amount of value in property that exceeds the amount owed on the property such that a secured creditor will not be subject to a loss in the event of a decrease in value while the property is encumbered by the automatic stay. *Id*. at 1400 n.2. In the case at bar, considering the value of the Property, Movant's total lien, and the likely costs of liquidation, there is an insufficient equity cushion and, thus, Movant lacks adequate protection. Based upon the foregoing, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

**B.    MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d)(2)**

11 U.S.C. 362(d)(2) provides that "on request of a party in interest and after notice and hearing, the court shall grant relief from the stay ... with respect to a stay of an act against property ... if-(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2).

The Ninth Circuit Court of Appeals has held that the proper definition of "equity" for purposes of § 362(d)(2)(A) is the difference between the value of the property and all the encumbrances upon it. *Stewart v. Gurley*, 745 F.2d 1194, 1196 (9th Cir.1984).

Movant is informed and believes, based upon the Debtor's Schedules A and D, that the fair market value of the Property is approximately $585,000.00. Movant submits that the Debtor's equity in the Property is as follows:

| | |
|---|---|
| Fair Market Value: | $585,000.00 |
| Less | |
| Movant's First Mortgage: | $700,940.38 |
| Equity in the Property: | ($115,940.38) |

5

As a result, there is no equity in Property for the Debtor or the bankruptcy estate. Finally, there is no reorganization in prospect as this is a liquidation of the Debtor's assets under Chapter 7 of the Bankruptcy Code.

Lastly, Movant, upon information and belief, contends that Debtor intends to surrender the Property based on a review of the Debtor's Statement of Intention filed in the case. A true and correct copy of the Debtor's Statement of Intention is attached hereto and filed concurrently herewith as Exhibit "E". Thus, Movant believes that Debtor does not intend to provide adequate protection to Movant.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1. Terminating the automatic stay of 11 U.S.C. § 362(a), to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

2. Waiving the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure;

3. Permitting Movant to offer and provide Debtor with information regarding a potential Forbearance Agreement, short sale, deed in lieu, loan modification, refinance agreement or other loan workout/loss mitigation agreement and to enter into such agreement without further order of the court;

4. Permitting Movant to recover its reasonable attorneys' fees and costs incurred in prosecuting the instant motion by adding these amounts to the outstanding balance due under the Note, as allowed under applicable non-bankruptcy law;

5. That is binding and effective despite conversion of this case to any other chapter of Title 11 of the United States Code; and

6. For such other and further relief as the Court deems just and proper.

Dated: January 22, 2018

                                            /s/ Derek W.C. Wong
                                            TMLF HAWAII, LLLC
                                            Derek W.C. Wong
                                            Peter T. Stone
                                            Attorneys for Movant